# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TOON GOGGLES, INC., and IRA WARKOL,<br><br>　　　　Defendants. | Case No. 2:19-cv-07687<br><br>**FINAL JUDGMENT AS TO DEFENDANT IRA WARKOL** |

The Securities and Exchange Commission having filed a Complaint and Defendant Ira Warkol having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI) waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

| | |
|---|---|
| 1 | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as |
| 2 | provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also |
| 3 | binds the following who receive actual notice of this Final Judgment by personal |
| 4 | service or otherwise: (a) Defendants' officers, agents, servants, employees, and |
| 5 | attorneys; and (b) other persons in active concert or participation with Defendants or |
| 6 | with anyone described in (a). |
| 7 | **II.** |
| 8 | IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that |
| 9 | Defendant is permanently restrained and enjoined from violating Section 15(a) of the |
| 10 | Exchange Act [15 U.S.C. § 78o(a)] by, directly or indirectly, in the absence of any |
| 11 | applicable exemption, making use of the mails or any means or instrumentality of |
| 12 | interstate commerce to effect any transactions in, or to induce or attempt to induce the |
| 13 | purchase or sale of, any security (other than an exempted security or commercial |
| 14 | paper, bankers' acceptances, or commercial bills) unless registered in accordance |
| 15 | with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)]. |
| 16 | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as |
| 17 | provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also |
| 18 | binds the following who receive actual notice of this Final Judgment by personal |
| 19 | service or otherwise: (a) Defendants' officers, agents, servants, employees, and |
| 20 | attorneys; and (b) other persons in active concert or participation with Defendants or |
| 21 | with anyone described in (a). |
| 22 | **III.** |
| 23 | IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND |
| 24 | DECREED that Defendant is liable for disgorgement of $1,748,985.42, representing |
| 25 | profits gained as a result of the conduct alleged in the Complaint, together with |
| 26 | prejudgment interest thereon in the amount of $283,641.40, for a total of |
| 27 | $2,032,626.82. Defendant shall satisfy this obligation by paying $2,032,626.82 to the |
| 28 | Securities and Exchange Commission within 14 days after entry of this Final |

Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the Commission's website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ira Warkol as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that that Defendant shall pay a civil penalty in the amount of $189,427 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)]. Defendant shall make this payment within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ira Warkol as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant is incorporated herein with the same force and effect as if fully

set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: October 28, 2019

_____
UNITED STATES DISTRICT JUDGE