Stanley C. Morris (Cal Bar No. 183620)
scm@cormorllp.com
Brian T. Corrigan (Cal Bar No. 143188)
bcorrigan@cormorllp.com

**CORRIGAN & MORRIS, LLP**
2300 Wilshire Boulevard, Suite 210
Los Angeles, CA  90025
Telephone: (310) 394-2800
Facsimile: (310) 394-2825

*Attorneys for Defendant*
TOON GOGGLES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TOON GOGGLES, INC., and IRA WARKOL,<br><br>Defendants. | Case No.: 19-cv-7687-JFW (MAAx)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF TOON GOGGLES, INC.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Judge:  Hon. John F. Walters** |

Defendant TOON GOGGLES, INC., ("TGI" or "Defendant") by and through its attorneys, Corrigan & Morris LLP, hereby Answers and submits its Affirmative Defenses to the Complaint of the United States Securities and Exchange Commission (the "Complaint") as follows and reserves their right to request dismissal of the Complaint on any and all grounds. Except as expressly admitted herein, TGI denies all material allegations in the Complaint. The numbered paragraphs of this answer correspond to the paragraphs as numbered in the Complaint. To the extent paragraphs

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA  90025

1  in the Complaint are grouped under headings, TGI responds generally that such

2  headings and groupings are conclusions of law or fact and denies each and every such

3  allegation made or implied by such headings and groupings.

### INTRODUCTION AND PRELIMINARY STATEMENT

6      A.    The Complaint group-pleads Defendant Warkol's conduct with TGI, but

7  all the allegations against TGI pertain to the actions taken by its former chief

8  executive, Ira Warkol, who has not been an officer, director, owner, creditor,

9  employee, or in any way affiliated with TGI since at least February 2017.

10      There are no allegations of fraud, reckless conduct, or deliberate wrongdoing

11  against TGI, or any of its current officers or directors. Nevertheless, the SEC

12  characterizes individual alleged facts in a conclusory manner such as "unregistered

13  brokers," "boiler room," "cold-called," "general solicitations" and received

14  "commissions." TGI generally responds that such allegations constitute pejoratives or

15  conclusions and do not constitute allegations of fact requiring a response. To the

16  extent such characterizations may be construed as allegations of fact, TGI objects to

17  and denies each such characterization.

### JURISDICTION AND VENUE

20      1.    The allegations of Paragraph 1 consist of legal conclusions to which no

21  response is required. To the extent that a responsive pleading is otherwise required,

22  TGI denies the allegations set forth in Paragraph 1.

23      2.    TGI admits that it used the means of interstate commerce, but otherwise

24  denies the allegations in Paragraph 2 of the Complaint.

25      3.    TGI admits that venue is proper in this district over the claims as

26  currently alleged in the Complaint. To the extent that a responsive pleading is

27  otherwise required, TGI denies the remainder of the allegations set forth in paragraph

28  3 of the Complaint.

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA  90025

## SUMMARY

4.      To the extent the allegations in Paragraph 4 are directed to or concern other parties, TGI lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies such allegations. TGI admits that it has more than 400 records owners of its securities and that it is involved in the business of producing and streaming children's entertainment via streaming over the internet. Except as expressly admitted, TGI otherwise denies the allegations in Paragraph 4 of the Complaint.

5.      TGI admits that it used the means of interstate commerce, but otherwise denies the allegations in Paragraph 5 of the Complaint.

6.      To the extent the allegations in Paragraph 6 are directed to or concern other parties, TGI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and, therefore, denies such allegations. TGI otherwise denies the allegations contained in Paragraph 6 of the Complaint.

7.      TGI avers that under the direction of its current management, revenues from operations this year are projected to exceed $500,000. TGI admits that under prior management between 2012 through 2016, TGI was primarily in the development stage, and it did not generate a profit, and its per annum revenue was less than $200,000. The remaining allegations contained in Paragraph 7 of the Complaint are denied.

8.      TGI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 8 and, on that basis, the allegations are denied.

9.      The allegations of Paragraph 9 consist of legal conclusions to which no response is required. To the extent that a responsive pleading is otherwise needed, TGI denies the allegations set forth in Paragraph 9.

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA 90025

ANSWER AND AFFIRMATIVE DEFENSES OF
 DEFENDANT TOON GOGGLES, INC.
CASE CV 19-07687-JFW (MAAx)

3

10.     The allegations of Paragraph 10 consist of legal conclusions to which no response is required. To the extent that a responsive pleading is otherwise required, TGI denies the allegations set forth in Paragraph 10.

### THE DEFENDANTS

11.     TGI admits that Warkol terminated his relationship with TGI in February of 2017. To the extent the allegations in Paragraph 11 are directed to or concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies such allegations. The defendant otherwise denies the allegations in Paragraph 11 of the Complaint.

12.     TGI admits the allegations in paragraph 12 of the Complaint.

### OTHER RELEVANT ENTITIES

13.     TGI admits that NetKids LLC was a Nevada limited liability company. TGI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 13 and, on that basis, the allegations are denied.

14.     TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14, and, on that basis, the allegations are denied.

15.     TGI admits that Yeti Productions LLC was established to develop a cartoon series for TGI. TGI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 15 and, on that basis, the allegations are denied.

### THE ALLEGATIONS

**A.     Toon Goggles' Streaming Business**

16.     TGI admits that it has offered and currently offers licensing and online streaming of cartoons, games, news, and other children's entertainment services through its website and applications. TGI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA  90025

ANSWER AND AFFIRMATIVE DEFENSES OF
 DEFENDANT TOON GOGGLES, INC.
 CASE CV 19-07687-JFW (MAAx)

4

1  Paragraph 16 and, on that basis, the allegations are denied.

2       17.    TGI is without sufficient knowledge or information to form a belief as to

3  the truth of the allegations contained in Paragraph 17, and, on that basis, the claims

4  are denied.

5       18.    TGI states that these alleged "promotional materials" are documents that

6  are the best evidence of their contents and denies the allegations to the extent they are

7  inconsistent with their terms or incomplete or taken out of context. TGI otherwise

8  denies the allegations contained in paragraph 18.

9  **B.    <u>Toon Goggles' Unregistered Securities Offerings</u>**

10      19.    TGI is without sufficient knowledge or information to form a belief as to

11  the truth of the allegations contained in Paragraph 19, and, on that basis, the

12  allegations are denied.

13      20.    TGI is without sufficient knowledge or information to form a belief as to

14  the truth of the allegations contained in Paragraph 20 and, on that basis, the claims

15  are denied.

16      21.    TGI is without sufficient knowledge or information to form a belief as to

17  the truth of the allegations contained in Paragraph 21 and, on that basis, the

18  allegations are denied.

19      22.    TGI is without sufficient knowledge or information to form a belief as to

20  the truth of the allegations contained in Paragraph 22, and, on that basis, the

21  allegations are denied.

22      23.    TGI is without sufficient knowledge or information to form a belief as to

23  the truth of the allegations contained in Paragraph 23 and, on that basis, the

24  allegations are denied.

25      24.    TGI is without sufficient knowledge or information to form a belief as to

26  the truth of the allegations contained in Paragraph 24 and, on that basis, the

27  allegations are denied.

28      25.    TGI is without sufficient knowledge or information to form a belief as to

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA  90025

ANSWER AND AFFIRMATIVE DEFENSES OF
 DEFENDANT TOON GOGGLES, INC.
CASE CV 19-07687-JFW (MAAx)

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA 90025

the truth of the allegations contained in Paragraph 25 and, on that basis, the allegations are denied.

### 1. The October 2011 NetKids' Offering

26.   TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 and, on that basis, the allegations are denied.

27.   TGI admits that there was a private placement memorandum pertaining to NetKids. Except as expressly admitted, TGI denies the allegations contained in Paragraph 27.

28.   The allegations of Paragraph 28 purport to represent the contents of certain offering materials. The alleged offering documents are the best evidence of their contents and TGI denies the allegations to the extent they are inconsistent with their terms or incomplete or taken out of context. TGI otherwise is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28, and, on that basis, the allegations are denied.

29.   TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 and, on that basis, the allegations are denied.

30.   The allegations of Paragraph 30 purport to represent the contents of certain offering materials. The alleged offering materials are the best evidence of their contents and TGI denies the allegations to the extent they are inconsistent with their terms or incomplete or taken out of context. TGI otherwise is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 and, on that basis, the allegations are denied.

31.   TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 and, on that basis, the allegations are denied.

32.   TGI is without sufficient knowledge or information to form a belief as to

the truth of the allegations contained in paragraph 32 and, on that basis, the allegations are denied.

33.     TGI admits that the NetKids has not registered any securities with the Plaintiff. Except as expressly admitted, TGI denies the allegations contained in paragraph 33.

34.     The allegations of paragraph 34 purport to represent the contents of an "Offeree Questionnaire." The alleged "Offeree Questionnaire" is the best evidence of its contents and denies the allegations to the extent they are inconsistent with their terms or incomplete or taken out of context. TGI otherwise denies the allegations contained in Paragraph 34.

**2.     The September 2013 Dinomite Offering**

35.     TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35 and, on that basis, the allegations are denied.

36.     The allegations of Paragraph 36 purport to represent the contents of certain offering materials. The alleged offering materials are the best evidence of their contents, and TGI denies the allegations to the extent they are inconsistent with their terms or incomplete or taken out of context. TGI otherwise denies the allegations contained in Paragraph 36.

37.      The allegations of Paragraph 37 purport to represent the contents of certain offering materials. The alleged offering materials are the best evidence of their contents, and TGI denies the allegations to the extent they are inconsistent with their terms or incomplete or taken out of context. TGI otherwise denies the allegations contained in Paragraph 37.

38.     The allegations of Paragraph 38 purport to represent the contents of certain offering materials. The alleged offering materials speak for themselves. TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 and, on that basis, the allegations are denied.

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA 90025

39.     The allegations in Paragraph 39 are directed to or concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies such allegations. The defendant otherwise denies the allegations in Paragraph 39 of the Complaint.

40.     TGI admits that it has issued TGI shares in exchange for Dinomite stock. Except as expressly admitted, TGI denies the allegations in Paragraph 40.

41.     TGI admits that it did not register Dinomite securities with the Plaintiff.

42.     The allegations of Paragraph 42 purport to represent the contents of certain offering materials. The alleged offering materials speak for themselves and are the best evidence. TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 42 and, on that basis, the allegations are denied.

**3.      The October 2013 NetKids' Offering**

43.     TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 43 and, on that basis, the allegations are denied.

44.     TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 44 and, on that basis, the allegations are denied.

45.     TGI states that NetKids' purported "offering documents" referenced in Paragraph 45, are documents that are the best evidence of their contents and denies the allegations to the extent they are inconsistent with their terms or incomplete or taken out of context. TGI otherwise is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 45 and, on that basis, the allegations are denied.

46.     TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 46 and, on that basis, the allegations are denied.

ANSWER AND AFFIRMATIVE DEFENSES OF
 DEFENDANT TOON GOGGLES, INC.
 CASE CV 19-07687-JFW (MAAx)

8

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA 90025

47.     TGI states that NetKids' alleged "offering documents" referenced in Paragraph 47, are documents that are the best evidence of their contents and denies the allegations to the extent they are inconsistent with their terms or incomplete or taken out of context. TGI otherwise is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 47 and, on that basis, the allegations are denied.

48.     TGI states that NetKids' alleged "offering documents" referenced in Paragraph 48, are documents that are the best evidence of their contents and denies the allegations to the extent they are inconsistent with their terms or incomplete or taken out of context. TGI otherwise is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 48 and, on that basis, the allegations are denied.

49.     TGI admits that it has issued TGI stock to NetKids' investors.

50.     TGI admits that it did not register NetKids' securities with the Plaintiff. TGI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 as they pertain to Warkol, and on that basis denies the same.

51.     TGI states that NetKids' alleged "offering documents" referenced in paragraph 51, are documents that are the best evidence of their contents and denies the allegations to the extent they are inconsistent with their terms or incomplete or taken out of context. TGI otherwise is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 51 and, on that basis, the allegations are denied.

**4.     The November 2013 NetKids' Offering**

52.     TGI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and on that basis denies the same.

53.     TGI admits that at least some of the alleged 2013 NetKids' Offering materials contained a PPM. Except as expressly admitted, TGI lacks knowledge or

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA 90025

information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and on that basis denies the same.

54.   TGI states that the alleged NetKids' "offering documents" referenced in Paragraph 54, are documents that are the best evidence of their contents and denies the allegations to the extent they are inconsistent with their terms or incomplete or taken out of context. TGI otherwise is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 54 and, on that basis, the allegations are denied.

55.   TGI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and on that basis denies the same.

56.   TGI states that the alleged NetKids' "offering documents" referenced in Paragraph 56, are documents that are the best evidence of their contents and denies the allegations to the extent they are inconsistent with their terms or incomplete or taken out of context. TGI otherwise is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 56 and, on that basis, the allegations are denied.

57.   TGI states that alleged NetKids' "offering documents" referenced in Paragraph 57, are documents that are the best evidence of their contents and denies the allegations to the extent they are inconsistent with their terms or incomplete or taken out of context. TGI otherwise is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 57 and, on that basis, the allegations are denied.

58.   TGI states that the alleged NetKids' "offering documents" referenced in Paragraph 58, are documents that are the best evidence of their contents and denies the allegations to the extent they are inconsistent with their terms or incomplete or taken out of context. TGI otherwise is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 58 and, on that basis, the allegations are denied.

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA  90025

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA  90025

1   59.   TGI admits the allegation in Paragraph 59.

2   60.   TGI admits that it did not register the alleged November 2013 NetKids'

3   offering with the Plaintiff.

4   61.   TGI states that the alleged NetKids' "offeree Questionnaire" referenced

5   in Paragraph 61, are documents that are the best evidence of their contents and denies

6   the allegations to the extent they are inconsistent with their terms or incomplete or

7   taken out of context. TGI otherwise is without sufficient knowledge or information to

8   form a belief as to the truth of the allegations contained in Paragraph 61 and, on that

9   basis, the allegations are denied.

10   **5.   The Yeti Offering**

11   62.   TGI is without sufficient knowledge or information to form a belief as to

12   the truth of the allegations contained in Paragraph 62 and, on that basis, the

13   allegations are denied.

14   63.   TGI is without sufficient knowledge or information to form a belief as to

15   the truth of the allegations contained in Paragraph 63 and, on that basis, the

16   allegations are denied.

17   64.   TGI states that the alleged Yeti "offering documents" referenced in

18   Paragraph 64, are documents that are the best evidence of their contents and denies

19   the allegations to the extent they are inconsistent with their terms or incomplete or

20   taken out of context. TGI otherwise is without sufficient knowledge or information to

21   form a belief as to the truth of the allegations contained in Paragraph 64 and, on that

22   basis, the allegations are denied.

23   65.   TGI states that the alleged Yeti "offering documents" referenced in

24   Paragraph 65, are documents that are the best evidence of their contents and denies

25   the allegations to the extent they are inconsistent with their terms or incomplete or

26   taken out of context. TGI otherwise is without sufficient knowledge or information to

27   form a belief as to the truth of the allegations contained in Paragraph 65 and, on that

28   basis, the allegations are denied.

66.     TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 66 and, on that basis, the allegations are denied.

67.     TGI admits that it did not register any Yeti securities with the Plaintiff. Except as expressly admitted, TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding registration statements and/or securities referenced, and, on that basis, the allegations are denied.

68.     TGI states that the purported Yeti "offering documents" referenced in Paragraph 68, are documents that are the best evidence of their contents and denies the allegations to the extent they are inconsistent with their terms or incomplete or taken out of context. TGI otherwise is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 68 and, on that basis, the allegations are denied.

## C.     <u>Defendants' Securities Registration Violations</u>

69.     The allegations of Paragraph 69 consist of legal conclusions to which no response is required. To the extent that a responsive pleading is otherwise required, TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding registration statements and/or securities referenced, and, on that basis, the allegations are denied.

70.     The allegations of Paragraph 70 consist of legal conclusions to which no response is required. To the extent that a responsive pleading is required, TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding registration statements and/or securities referenced, and, on that basis, the allegations are denied.

71.     The allegations of Paragraph 71 consist of legal conclusions to which no response is required. To the extent that a responsive pleading is required, TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding registration statements and/or securities referenced, and, on that

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA 90025

basis, the allegations are denied.

72.    The allegations of Paragraph 72 consist of legal conclusions to which no response is required. To the extent that a responsive pleading is otherwise required, TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 72 and, on that basis, the allegations are denied.

73.    TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 73 and, on that basis, the allegations are denied.

74.    TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 74 and, on that basis, the allegations are denied.

75.    TGI denies the allegations contained in Paragraph 75.

76.    TGI denies the allegations contained in Paragraph 76.

77.    TGI denies the allegations contained in Paragraph 77.

78.    TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 78 and, on that basis, the allegations are denied.

79.    TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 79 and, on that basis, the allegations are denied.

80.    TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 80 and, on that basis, the allegations are denied.

81.    TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 81 and, on that basis, the allegations are denied.

82.    TGI is without sufficient knowledge or information to form a belief as to

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA 90025

the truth of the allegations contained in Paragraph 82 and, on that basis, the allegations are denied.

83.  TGI denies the allegations contained in Paragraph 83.

84.  TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 84 and, on that basis, the allegations are denied.

85.  The allegations of Paragraph 85 consist of legal conclusions to which no response is required. To the extent that a responsive pleading is otherwise required, TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 85 and, on that basis, the allegations are denied.

86.  TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 86 and, on that basis, the allegations are denied.

87.  TGI states that the purported "offering documents" referenced in Paragraph 87, are documents that are the best evidence of their contents and denies the allegations to the extent they are inconsistent with their terms or incomplete or taken out of context. TGI otherwise is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 87 and, on that basis, the allegations are denied.

88.  TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 88 and, on that basis, the allegations are denied.

89.  TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 89 and, on that basis, the allegations are denied.

90.  The allegations of paragraph 90 consist of legal conclusions to which no response is required. To the extent that a responsive pleading is otherwise required,

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA  90025

TGI denies the allegations contained in Paragraph 90.

### D.   Defendant Warkol Acted as an Unregistered Broker

91.   The allegations in Paragraph 91 are directed to or concern other parties. To the extent a response is required, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies such allegations.

92.   The allegations in Paragraph 92 are directed to or concern other parties. To the extent a response is necessary, Defendant denies the allegations in Paragraph 92 of the Complaint.

93.   The allegations in Paragraph 93 are directed to or concern other parties. To the extent a response is required, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies such allegations.

94.   The allegations in Paragraph 94 are directed to or concern other parties. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies such allegations.

95.   The allegations in Paragraph 95 are directed to or concern other parties. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies such allegations.

96.   The allegations in Paragraph 96 are directed to or concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies such allegations.

97.   The allegations in Paragraph 97 are directed to or concern other parties. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies such allegations.

98.   The allegations in Paragraph 98 are directed to or concern other parties. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies such allegations.

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA  90025

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA 90025

99.     The allegations in Paragraph 99 are directed to or concern other parties. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies such allegations.

100.    The allegations in Paragraph 100 are directed to or concern other parties. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies such allegations.

<u>**TOLLING OF THE STATUTE OF LIMITATIONS**</u>

101.    TGI avers that all of the causes of actions are subject to 18 USC § 2462. TGI states the tolling agreements referenced in paragraph 101, are documents that are the best evidence of their contents and denies the allegations to the extent they are inconsistent with their terms or incomplete or taken out of context.

102.    The allegations in Paragraph 102 are directed to or concern other parties. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies such allegations.

**FIRST CLAIM FOR RELIEF**
**Unregistered Offer and Sale of Securities**
**Violations of Sections 5(a) and 5(c) of the Securities Act**

**(against all Defendants)**

103.    TGI restates and incorporates by reference responses to Paragraphs 1 through 102, as if fully set forth herein.

104.    To the extent the allegations contained in Paragraph 104 of the Complaint are directed to parties other than TGI, no response by TGI is required. To the extent a response is deemed necessary, TGI is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding registration statements and/or securities referenced, and, on that basis, the allegations are denied. To the extent, Paragraph 104 consists of conclusions of law, no response is necessary or appropriate. To the extent that a response is required, TGI denies the allegations set forth in paragraph 104.

105.    To the extent the allegations contained in Paragraph 105 of the

1  Complaint are directed to parties other than TGI, no response by TGI is required. To

2  the extent a response is deemed necessary, TGI is without sufficient knowledge or

3  information to form a belief as to the truth of the allegations regarding registration

4  statements and/or securities referenced, and, on that basis, the allegations are denied.

5  To the extent, Paragraph 105 consists of conclusions of law, no response is necessary

6  or appropriate. To the extent that a response is required, TGI denies the allegations

7  set forth in paragraph 105.

8      106.   The allegations in Paragraph 106 consists of conclusions of law, to

9  which no response is necessary or appropriate. To the extent that a response is

10 required, TGI denies the allegations contained in Paragraph 106.

**SECOND CLAIM FOR RELIEF**
**Unregistered Broker-Dealer**
**Violation of Section 15(a) of the Exchange Act**

**(against Defendant Warkol)**

14     107.   TGI restates and incorporates by reference responses to Paragraphs 1

15 through 102, as if fully set forth herein.

16     108.   TGI does not need to respond to this allegation as Plaintiff has not

17 brought this cause of action against it. To the extent that a response is required, TGI

18 denies the allegations set forth in paragraph 108.

19     109.   The allegations contained in Paragraph 109 of the Complaint are

20 directed to parties other than TGI and, therefore, no response by TGI is required. To

21 the extent that a response is required, TGI denies the allegations set forth in

22 paragraph 109.

23     110.   The allegations contained in Paragraph 110 of the Complaint are

24 directed to parties other than TGI, and, therefore, no response by TGI is required. To

25 the extent that a response is required, TGI denies the allegations set forth in

26 paragraph 110.

27 //

28 //

ANSWER AND AFFIRMATIVE DEFENSES OF
 DEFENDANT TOON GOGGLES, INC.
CASE CV 19-07687-JFW (MAAx)

17

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA  90025

## PRAYER FOR RELIEF

To the extent that any response is required to the Plaintiff's prayer for relief, TGI denies that Plaintiff is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct, TGI alleges the following affirmative defenses to the Complaint. By designating the following as affirmative defenses, TGI does not in any way waive or limit any defense which are or may be raised by denials, allegations, and averments set forth herein. TGI does not, by alleging any affirmative defense, admits that Plaintiff does not have the burden of proof for any or all facts underlying any of those defenses. These defenses are pled in the alternative and are raised to preserve the rights of TGI to assert such defenses and are without prejudice to TGI's ability to raise other and further defenses. TGI expressly reserves all rights to re-evaluate its defenses and/or assert additional defenses upon discovery and review of additional documents and information, upon the development of other pertinent facts, and during pretrial proceedings in this action. Without assuming the burden of proof for such defenses that it would not otherwise have, TGI asserts the following specific affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action in it, is barred, in whole or part, because it fails to state facts sufficient to state a cause of action upon which relief can be granted against TGI.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, because TGI acted reasonably and/or in good faith by relying on the opinions of several attorneys. TGI's current management was not responsible for the alleged violations. Accordingly, there is no likelihood that TGI will commit future violations. Therefore, Plaintiff is not entitled to injunctive relief.

//

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA 90025

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims for disgorgement are not authorized by statute and the Supreme Court has declared unanimously that it constitutes a penalty. *Kokesh v. SEC* 581 U.S. ____ (2017).  As such, the SEC lacks any legal authority to be awarded disgorgement in equity. See *Liu v. SEC,* 18-1501. The SEC claims for disgorgement are barred.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claim for penalties are barred because any alleged violation was conducted by management no longer affiliated with TGI.

### FIFTH AFFIRMATIVE DEFENSE

It would be inequitable to order disgorgement against TGI when the bad actors have not been affiliated with TGI for more than two years and the Plaintiff has not alleged any violations against current management.

### SIXTH AFFIRMATIVE DEFENSE

The securities sales at issue were in whole or in part exempt from registration under the federal securities laws.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred in whole or part party the applicable statute of limitations and/or laches. Specifically, recovery is barred in whole or in part to the extent that it seeks injunctive relief, disgorgement, or penalties that go beyond the five-year statute of limitations under 28 U.S.C. § 2462.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred or limited because the damages or injuries that Plaintiff alleges were caused in whole or part by the acts or omissions of the third parties.

### NINTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action in it, is barred, in whole or

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA  90025

1    in part, because TGI was separate and distinct from the entities allegedly selling

2    securities.

3    ### TWELFTH AFFIRMATIVE DEFENSE

4        TGI incorporates herein any applicable affirmative defense asserted by any

5    other Defendant not expressly set forth herein.

6    ### ADDITIONAL AFFIRMATIVE DEFENSES

7        TGI hereby give notice that they intend to rely upon such other and further

8    defenses as may become available or apparent during pretrial proceedings in this

9    action and hereby reserve all rights to amend this Answer and all such defenses.

10   ### PRAYER FOR RELIEF

11       WHEREFORE, Toon Goggles, Inc. respectfully prays for judgment as follows:

12       1.    The Complaint be dismissed with prejudice and that the relief sought by

13   the Plaintiff be denied in its entirety;

14       2.    That the Court enter judgment in favor of TGI;

15       3.    That the Court award TGI its attorneys' fees and costs incurred in

16   defending this matter as permitted by statute; and

17       4.    That this Court award such other and further relief as the Court may

18   deem just and proper.

19    DATED:    November 15, 2019        **CORRIGAN & MORRIS, LLP**

20

21                                       By:   /S/ *Stanley C. Morris*
                                         Attorneys for Defendant
22                                       TOON GOGGLES, INC.

23   //

24   //

25   //

26   //

27   //

28

# **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), TGI demands a trial by jury on all claims.

DATED:     November 15, 2019              **CORRIGAN & MORRIS, LLP**

By:  /S/ *Stanley C. Morris*
Attorneys for Defendant
TOON GOGGLES, INC.

**CORRIGAN & MORRIS LLP**
**12300 Wilshire Boulevard, Suite 210**
**Los Angeles, CA  90025**